UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| HIGH POINT DESIGN LLC,<br><br>Plaintiff,<br><br>v.<br><br>BUYER'S DIRECT INC.,<br><br>Defendant. | CIVIL ACTION NO. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, High Point Design LLC (hereinafter "Plaintiff" or "High Point Design"), by and through its undersigned attorneys, for its Declaratory Judgment Complaint against Defendant, Buyer's Direct Inc. (hereinafter "Defendant" or "Buyer's Direct"), alleges as follows:

### NATURE OF ACTION

1. This is an action for a declaratory judgment arising under the patent laws of the United States, 35 U.S.C. § 101 et. seq., for a declaration that U.S. Patent No. D 598,183 ("the '183 patent"), issued on August 18, 2001, entitled "Slipper" is not infringed by High Point Design, and is invalid and/or unenforceable. Attached hereto as Exhibit A is a copy of the '183 patent.

### THE PARTIES

2. High Point Design is a limited liability company organized and existing under the laws of the State of New York.

3. High Point Design has offices and a principle place of business at 1411 Broadway, New York, New York 10018.

4. High Point Design is in the business of manufacturing and distributing hosiery.

5. Buyer's Direct is a North Carolina corporation with its principal place of business in North Carolina.

6. Buyer's Direct is a supplier of retail products, including a slipper product known as the "snoozie" which is purportedly covered by the '183 patent.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 with respect to the claims arising under the Patent Act, 35 U.S.C. §101 et. seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq.

8. There is complete diversity between High Point Design and Buyer's Direct and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court also has subject matter jurisdiction over this action under 28 U.S.C. §1332(a).

9. Venue is proper in this district pursuant to 28 U.S.C. §1391 and §1400 because a substantial part of the events giving rise to the claims occurred in this district, and Buyer's Direct is subject to personal jurisdiction in this judicial district and Buyer's Direct may be found in this judicial district.

10. Upon information and belief there is personal jurisdiction over Buyer's Direct since Buyer's Direct is doing business within this State and judicial district, transacts business within this State and judicial district, derives

substantial revenue from intra-state and inter-state commerce and is otherwise within the jurisdiction of this Court.

11.  Upon information and belief, there is personal jurisdiction over Buyer's Direct by reason of the assertions made against High Point Design in this District, namely, that High Point Design's activities infringe the '183 patent. In particular, in a letter sent from the law firm of Miller Canfield dated June 22, 2011, sent to High Point Design at its place of business in this District, Buyer's Direct, through its counsel, alleges that it owns the rights to the '183 patent and that High Point Design is selling and distributing slippers that infringe the '183 patent. Attached hereto as Exhibit B is a copy of the June 22, 2011 letter from Miller Canfield.

12.  In view of the foregoing allegation that High Point Design is infringing the patent rights of Buyer's Direct; High Point Design's intention at the present time to continue to conduct its business and activities which are now being asserted to infringe the '183 patent; and High Point Design's allegations that the '183 patent is not being infringed, is invalid and/or is unenforceable, there has been and now is an actual controversy between High Point Design and Buyer's Direct regarding the non-infringement, invalidity and unenforceability of the '183 patent asserted against High Point Design.

## FACTUAL BACKGROUND

13.  The '183 patent has a single claim that covers the ornamental design for a slipper as shown and described in the figures incorporated into the '183 patent.

14. As provided on the face of the '183 patent, the design embodied therein was purportedly created by Marshall P. Bank.

15. Upon information and belief, the '183 patent was purportedly assigned by Marshall P. Bank to Buyer's Direct.

16. On or about June 23, 2011, High Point Design received a letter from Buyer's Direct's counsel, Miller Canfield, wherein Buyer's Direct counsel asserts, *inter alia*, High Point Design's sale and distribution of certain slippers infringes the '183 patent.

17. That letter also demands that High Point Design "immediately cease and desist all further distribution and sale of infringing slippers in the United States."

18. That letter also demands that High Point Design "cease all shipments to customers and recall all products not already sold and delivered in the United States."

19. By virtue of these unwarranted accusations, High Point Design is compelled to seek a declaration from this Court that it does not infringe the '183 patent and/or that the '183 patent is invalid and/or unenforceable so that it may continue its normal business operations without further interruption from Buyer's Direct.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

20. Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 19 of this Complaint as if set forth in full herein.

21. An actual controversy has arisen and now exists between High Point Design and Buyer's Direct concerning whether High Point Design has infringed and is infringing the '183 patent.

22. High Point Design has not infringed and does not infringe the claim of the '183 patent.

23. In particular, the manufacture, importation, use, offer for sale and/or sale in the United States by High Point Design of slippers accused by Buyer's Direct do not infringe, either literally or under the doctrine of equivalents, the claim of the '183 patent.

24. High Point Design does not contribute to the infringement of, or induce others to infringe, the claim of the '183 patent, nor has it ever done so.

25. By virtue of the foregoing, High Point Design desires a judicial determination of the parties' rights and duties with respect to the '183 patent.

26. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

27. This is an exceptional case which entitles High Point Design to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY

28. Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 27 as if set forth in full herein.

29. An actual controversy has arisen and now exists between High Point Design and Buyer's Direct concerning whether the '183 patent is invalid and unenforceable.

30. Upon information and belief, the claim of the '183 patent is invalid and/or unenforceable for failing to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or the rules, regulations and laws pertaining thereto.

31. By virtue of the foregoing, High Point Design desires a judicial determination of the parties' rights and duties with respect to the '183 patent.

32. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

33. This is an exceptional case which entitles High Point Design to an award of reasonable attorney fees under 35 U.S.C. § 285.

**WHEREFORE,** High Point Design prays for the following relief against Buyer's Direct:

A. For a declaration and judgment declaring that the '183 patent is not infringed by Plaintiff;

B. For a declaration and judgment declaring that the '183 patent is invalid and/or unenforceable;

C. For a declaration and judgment declaring this case to be exceptional within the meaning of 35 U.S.C. § 285;

D.   For an award to Plaintiff of its costs, expenses and reasonable attorney fees as permitted by law; and

E.   For an award to Plaintiff for such other and further relief as the as the Court may deem just and proper.

## JURY DEMAND

High Point Design demands a trial by jury on all issues so triable.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.

By: _____
Jeffrey Kaden (JMK 2632)
Steven Stern (SS 5203)
270 Madison Avenue, 8th Floor
New York, New York 10016-0601
Telephone: (212) 684-3900
Facsimile: (212) 684-3999

*Attorneys for Plaintiff*
*High Point Design LLC*

Dated: July 1, 2011